IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., | Case No. 16-cv-02570 |
| Plaintiffs, | **Judge Gary Feinerman** |
| v. | **Magistrate Judge Michael T. Mason** |
| LI CHEN, et al., | |
| Defendants. | |

## PLAINTIFFS' STATUS REPORT

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. (collectively, "Plaintiffs") hereby file this Status Report pertaining to Plaintiff's Motion for Preliminary Injunction [46].

As a preliminary matter, a number of different issues in cases against China based Internet Stores selling counterfeits have been ventilated and discussed via adversarial motions and briefs, as well as oral arguments, in a contested setting many times in this District. *See e.g. Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *12-13 (N.D. Ill. June 18, 2015) (summary judgment granted for plaintiff and $150,000 awarded in statutory damages even though there was no evidence submitted that defendant was a "large-scale counterfeiter," and declining to modify asset restraint); *Bulgari, S.p.A. v. Zou Xiaohong, et al.*, 2015 U.S. Dist. LEXIS 140606, at *7 (N.D. Ill. Oct. 15, 2015) (summary judgment granted for plaintiff and awarding $100,000 for three represented sales and declining to modify asset restraint); *Monster Energy Company v. Chen Wensheng, et al.*, 2015 U.S. Dist. LEXIS 132283, at *29 (N.D. Ill. Sept. 29, 2015) (personal jurisdiction is proper and declining to modify asset restraint); *River Light V, L.P., et al. v. Zhangyali, et al.*, No. 15-cv-5918 (N.D. Ill. Sept. 9, 2015)

1

(Docket No. 46) (denying motion to dissolve asset restraint); *Chrome Hearts LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 120232, at *11 (N.D. Ill. Sept. 9, 2015) (denying motion to intervene filed by PayPal account owner). Copies of the opinions issued in these cases are attached hereto as **Exhibit 1**. In addition, Plaintiffs have resolved claims against well over 100 defendants represented by various counsel in previous similar cases.

Regarding the three Defendants that appeared at the March 15, 2016 hearing:

- Settlement has been reached with the Defendant operating Internet Stores cafase88, cooforu, digitalzone88, easyshopping678, easytrade2099, efashionforu, eshop2098, newcandy789, onlinemartforu (Represented by Ivan Posey). Execution is pending.

- Settlement discussions are ongoing with the Defendant operating Internet Store goandcome (Represented by Matt Dillinger, although no appearance has been filed). Evidence for this store was previously filed as part of Exhibit 5 to the Declaration of John J. Stewart [14] (Part 128 [27-8], pp. 243-252), attached hereto at **Exhibit 2**.

- Attorney Karl Roth indicated on Thursday, March 17, 2016, that his client is linked to the Internet Stores aylissdesign, betterdealz_shop, directemarket, look-sea, and smartbargainonline88. Evidence for these Internet Stores was previously filed as parts of Exhibit 5 to the Declaration of John J. Stewart [14] (respectively, Part 125 [27-5], pp. 223-231; Part 126 [27-6], pp. 27-36; Part 127 [27-7], pp. 122-133; Part 130 [27-10], pp. 240-250; Part 132 [28-2], pp. 211-220), attached hereto at **Exhibit 3**. Plaintiffs are diligently reviewing the provided sales information. Plaintiffs anticipate being in a position to initiate settlement discussions regarding either the scope of the injunction and/or final disposition shortly.

Dated this 17th day of March 2016.   Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Counsel for Plaintiffs*
*Luxottica Group S.p.A and Oakley, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March 2016, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Defendant Domain Names that have been transferred to Plaintiffs' control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 5 and 6 to the Declaration of John J. Stewart and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Counsel for Plaintiffs*
*Luxottica Group S.p.A and Oakley, Inc.*